**PEREZ v. FAYARD.**

No. 6785.

Circuit Court of Appeals, Fifth Circuit.

April 25, 1933.

Jas. A. Leathers, of Gulfport, Miss., for appellant.

S. C. Mize, of Gulfport, Miss., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellee recovered judgment against appellant for personal injuries sustained in a collision between the former's Ford roadster and the latter's Lincoln brougham. The collision occurred in the daytime in Bay St. Louis, Miss., at the intersection of Washington street and the Old Spanish Trail. The declaration alleges that appellant was negligent, in that he did not have his car under control but was driving at an excessive and dangerous rate of speed. Appellant's principal assignment of error is that the trial court erred in refusing to direct a verdict in his favor. In support of this position he argues that one car or the other would safely have passed the intersection assuming that appellee and his witnesses were correct in their estimates of the speed of the two cars and of the distance they were apart as each approached the intersection. At the time of the collision the Ford was going east on Washington street and the Lincoln southwest on the Old Spanish Trail. A house on the northwest corner interfered with the view of one approaching the intersection either from the west or the north. Appellee was riding on the left running board of his car which was being driven by his brother. Two other passengers were riding on the right running board. The car was carrying, besides the driver, two other grown people and a child who were seated in the car. This unusually heavy load was explained by the circumstance that assistance was being given to four passengers because the car in which they had been riding had broken down on the high-way. Appellee, the driver, and several of the passengers, testified that at the time of the collision, as they were crossing the intersection at a speed of 8 or 10 miles an hour, the Lincoln came down upon them at a speed of 40 to 50 miles an hour. They were corroborated in this testimony by several more witnesses. A witness named Pucheo, who was at his home 275 feet north of the intersection, testified that when the Lincoln passed him it was going 45 or 50 miles an hour, but that he did not notice whether it maintained this speed as it approached Washington street. However, others testified that it did not slacken speed until just immediately before the collision. Piazzo, a garageman, who arrived at the scene of the accident a few minutes after it occurred, testified that he saw marks on the highway where the tires of the Lincoln had dragged a distance of 25 or 30 feet before it came to a stop, and that he saw signs indicating that the Ford car had been struck on the left side near the rear wheel. Appellant offered testimony tending to show that he was driving at a speed of 8 or 10 miles an hour; that he brought his car to a standstill about the middle of the intersection; that the Ford car caught on the bumper of his car while the driver of the Ford was attempting to swerve to the right in an effort to avoid the collision; and that the Ford attempted to pass the intersection at a speed of 15 or 20 miles per hour.

It was not error to deny the motion for the peremptory instruction. Whether appellant was negligent, and whether his negligence was the proximate cause of appellee's injury, were questions peculiarly within the province of the jury. The fact that appellee may have been guilty of contributory negligence would not bar him from a recovery, but would only make it the duty of the jury to diminish the damages. Hemingway's Code (1927) § 516. The maximum speed limit permitted in a city or town of Mississippi is 15 miles per hour. Persons operating automobiles upon approaching a crossing or intersecting highway are required to maintain a speed not greater than is reasonable and proper, having due regard for traffic and the safety of the public. Hemingway's Code, §§ 6680, 6682. Appellant's theory that, conceding the evidence for appellee to be true, the collision could not have occurred, is based upon calculations which assume the absolute accuracy of the testimony for appellee as to speed and distance, and, so assuming, seek to demonstrate that appellee's car would have passed the point of collision from one to four seconds before appellant's car reached it.

That theory wholly ignores the fact that all the witnesses, including those for appellant, were not attempting or claiming to testify to exact speeds and distances, but were merely making estimates. The most that appellant's calculations demonstrated was the unimportant and well-understood fact that the estimates were not entirely accurate. Pucheo's testimony was objected to because he was unable to say that the speed of the Lincoln was maintained after it passed his house. There is nothing in this contention, especially since according to other witnesses the speed was not immediately reduced as the car proceeded from Pucheo's house toward the intersection. Piazzo's testimony is also objected to on the ground that he was not an eyewitness. Clearly there was no error in overruling this objection. Piazzo arrived at the scene of the accident before the cars had been moved. His testimony was not a statement of mere opinion; he described the condition, appearance, and location of the automobiles. The jury was warranted in finding that appellant's negligence was the proximate cause of appellee's injury; and that appellee's negligence, if any, was only contributory.

The judgment is affirmed.